IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**TIMOTHY J. JAMES,**

        **Plaintiff,**

    **v.**                        CASE NO.  06-3044-SAC

**ROY DUNNAWAY,
SHERIFF, et al.,**

        **Defendants.**

### MEMORANDUM AND ORDER

This civil rights complaint was filed pursuant to 42 U.S.C. 1983 by an inmate committed to the custody of the Kansas Department of Corrections and currently confined in the Jefferson County Detention Center, Oskaloosa, Kansas. Plaintiff also filed a motion to proceed in forma pauperis and has paid the partial fee assessed by the court in accord with 28 U.S.C. 1915(b)(1). Plaintiff shall be granted leave to proceed in forma pauperis, but will remain responsible for submitting the entire filing fee in this action of $250.00[1].

Plaintiff's Motion for Appointment of Counsel (Doc. 3), and Motion for Service of Complaint and Summons (Doc. 4) shall be denied, without prejudice, but may be renewed later. Plaintiff has no right to appointment of counsel in a civil rights action as long

---

[1] Pursuant to 28 U.S.C. §1915(b)(1), plaintiff remains obligated to pay the full $250 district court filing fee in this civil action. Being granted leave to proceed in forma pauperis entitles him to pay the filing fee over time through payments from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2). Pursuant to §1915(b)(2), the Finance Office of the facility where plaintiff is confined is directed by copy of this Order to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

as he can adequately present his claims, and summons would be premature before initial screening is complete. Plaintiff's Motion to Compel (Doc. 6) is basically a motion for preliminary relief and is denied because the factual basis for the relief requested therein has not been established.

**CLAIMS**

Plaintiff claims he is being denied access to legal materials by defendant officials of Jefferson County, Kansas; namely Sheriff Dunnaway, Jail Administrator Reiling, and Court Clerk Siefert. As the factual basis for his complaint, Mr. James alleges that upon his arrival at the Jefferson County Detention Center (CDC) defendant Reiling directed he "only be allowed 3 inch's (sic) of legal material in (his) cell area at any given time." Plaintiff further alleges he has "a lot" of "transcripts, motions, discovery, etc."[2], that "he needs" in his possession at all times in order to prepare for his upcoming trial.

Plaintiff also claims he needs access to a law library to do legal research so that he can file a civil rights complaint "on the Lansing Correctional Facility concerning some medical issues."

Plaintiff sues defendants in their official and individual capacities, and seeks compensatory and punitive damages as well as a declaratory judgment that his federal constitutional right of

---

[2] Plaintiff's original convictions of charges including aiding and abetting burglary, robbery, and aggravated kidnaping, were reversed on his motion for new trial based upon ineffective assistance of counsel, and remanded for new trial. State v. James, 67 P.3d 857, 859 (Kan.App. 2003). At his second trial, Mr. Jones was convicted by a jury of aggravated robbery and not the other counts. That conviction was reversed on the basis of the judge's belated giving of an Allen instruction, and the matter was remanded for new trial on the aggravated robbery charge. State v. James, 117 P.3d 907, **2 (Kan.App. Aug. 19, 2005, unpublished). Plaintiff now faces his third trial.

access to the courts is being denied.

**SCREENING**

Because Mr. James is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. 1915A(a) and (b).  Having screened all materials filed, the court finds the complaint is subject to being dismissed for the following two main reasons.  Plaintiff is given time to show cause why this action should not be dismissed.

**FAILURE TO ADEQUATELY PLEAD EXHAUSTION OF ADMINISTRATIVE REMEDIES**

42 U.S.C. 1997e(a) directs: "No action shall be brought with respect to prison conditions under (any federal law) by a prisoner confined in any (correctional facility) until such administrative remedies as are available are exhausted." See Booth v. Churner, 531 U.S. 956 (2001)(section 1997e(a) requires prisoners to exhaust administrative remedies irrespective of the relief sought and offered through administrative channels).  The United States Supreme Court has held that this exhaustion requirement is mandatory and may not be disregarded by the court.  Porter v. Nussle, 534 U.S. 516, 520 (2002).  Exhaustion under Section 1997e(a) is a pleading requirement imposed upon the prisoner plaintiff.  Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003), cert. denied, 543 U.S. 925 (2004).  It follows that a complaint that fails to adequately plead exhaustion amounts to one that fails to state a

3

claim upon which relief can be granted.  Id.

With regard to exhaustion of administrative remedies, plaintiff alleges he "filed an Official Grievance to the Sheriff/Grievance Officer, on January 6, 2006," complaining he could not prepare for his upcoming trial if he could not have his "legal works" in his cell.  He states the grievance "went unanswered."  With respect to his claim for law library access, plaintiff alleges he "requested" such access, but defendant Reiling just blew him off with a "false promise that he would get . . . requested law books, legal directory," then "like always never comes thru," and instead sent Mr. James an Inmate Communication Form stating defendant Reiling is trying to find or borrow the requested material.  He also alleges he "filed a grievance with the Jefferson County Sheriff concerning defendant Jail Administrator, and a grievance with the Chief Judge of the Second Judicial District concerning defendant Court Clerk.

These allegations do not amount to a sufficient pleading of exhaustion of administrative remedies in the complaint.  The pleading requirement of 1997e(a) mandates that a prisoner either "attach a copy of the applicable administrative dispositions to the complaint, or . . . describe with specificity the administrative proceeding and its outcome."  Id.  The Tenth Circuit has also determined that "total" exhaustion is required. Ross v. County of Bernalillo, 365 F.3d 1181, 1188,-89 (10th Cir. 2004).  Under the total exhaustion prerequisite, plaintiff must have presented each and every claim raised in his complaint by way of the available detention facility administrative grievance procedures, or the complaint is subject to being dismissed without prejudice.  In addition, he must have referred to the named defendants and

4

described their allegedly wrongful actions in those grievances.

Plaintiff does not show that he raised his challenge to the 3-inch requirement through all steps of the jail administrative remedy process, that he filed and appealed a formal grievance regarding not being able to file pro se motions or pleadings, or that he complained of not being provided with requested, specific legal materials through every step of the available administrative grievance process. His general statement that he has filed a grievance that went unanswered with no dates or details of its content or the process utilized is insufficient. Plaintiff shall be given time to adequately plead exhaustion by either providing copies of the administrative grievances filed by him and the responses he received to those grievances, or by describing in detail the administrative process he followed and the grievances he filed together with the responses. If plaintiff fails to adequately show exhaustion, the complaint is subject to being dismissed, without prejudice for failure to demonstrate full and total exhaustion.

**FAILURE TO STATE A CLAIM OF DENIAL OF ACCESS**

Even if Mr. Jones is able to adequately plead exhaustion of administrative remedies, the factual allegations in his complaint are insufficient to state a constitutional claim of denial of access to the courts. In support of his claim, plaintiff alleges he won't be ready for his criminal trial or able to file a civil rights complaint. He also alleges he is precluded from filing any motions and does not have "proper legal material to be able to file pro se pleadings."

In Bounds v. Smith, 430 U.S. 817, 820-21, 824 (1977), the

5

United States Supreme Court recognized that inmates have a well-established constitutional right of "meaningful access to the courts."  However, plaintiff's allegations of denial of access are conclusory and speculative and as such are inadequate to state a claim of constitutional violation.  Even if plaintiff's few factual allegations are accepted as true, his right of access claim is "lacking in one essential element: injury."

In addressing the right of access to the courts, the United States Supreme Court held that an inmate has no standing to bring a claim pursuant to this right unless he shows that he suffered actual injury as a result of the defendants' misconduct.  See Lewis v. Casey, 518 U.S. 343, 349 (1996); Treff v. Galetka, 74 F.3d 191, 194 (10th Cir. 1996) (To state a claim for denial of access to the courts, plaintiff must show that any denial or delay of access to the court prejudiced him in pursuing litigation.)  The Supreme Court explained the injury requirement as follows:

> Because Bounds did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. That would be the precise analog of the healthy inmate claiming constitutional violation because of the inadequacy of the prison infirmary . . . . [T]he inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.  He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known.  Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

Lewis, 518 U.S. at 351.  In short, an inmate must establish that "his efforts to pursue a legal claim" were "hindered" by the

defendants' misconduct.  <u>Lewis</u>, 518 U.S. at 351; <u>Simkins v. Bruce</u>, 406 F.3d 1239, 1244 (10th Cir. 2005); <u>Penrod v. Zavaras</u>, 94 F.3d 1399, 1403 (10th Cir. 1996) (plaintiff must show that defendants hindered his efforts to pursue nonfrivolous legal claim).

Applying the language in <u>Lewis</u> to the case at hand, it is obvious Mr. Jones has failed to "go one step further" by alleging actual injury.  In his complaint, plaintiff fails to specifically allege that any of his cases have been dismissed or prejudiced because he was unable to respond in a timely manner due to his lack of access to a law library and/or research materials.

Moreover, the law is clear that inmates have no right of access to a law library if the State provides an alternative means to present their claims to a court.  See <u>Lewis</u>, 518 U.S. at 351; <u>Love v. Summit County</u>, 776 F.2d 908, 914 (10th Cir. 1985).  One alternative means recognized by the Tenth Circuit is the assistance of legal counsel.  See <u>Love</u>, 776 F.2d at 914.  Plaintiff generally alleges he is being denied access to legal materials relevant to his defense.  However, an inmate's right of access to the court is adequately protected where the inmate is represented by counsel, even if the inmate is not allowed access to legal materials to personally conduct legal research. <u>Smith v. Harvey County Jail</u>, 889 F.Supp. 426, 431-32 (D.Kan. 1995), *citing* <u>Skelton v. Pri-Cor., Inc.</u>, 963 F.2d 100, 104 (6th Cir. 1991), <u>cert</u>. <u>denied</u>, 503 U.S. 989 (1992); <u>United States v. Wilson</u>, 690 F.2d 1267, 1271-72 (9th Cir. 1982), <u>cert</u>. <u>denied</u>, 464 U.S. 867 (1983); <u>Lloyd v. Corrections Corp. of America</u>, 855 F.Supp. 221, 223 (W.D.Tenn. 1994); <u>Pippins v. Adams County Jail</u>, 851 F.Supp. 1228, 1234 (C.D.Ill. 1994). Plaintiff was provided counsel in his two prior criminal appeals, and it is

7

reasonable to assume he is currently represented by counsel for his third criminal trial[3].

Plaintiff does not allege he is being denied all his legal materials. Nor does he describe the specific materials he is being denied and how not having those particular materials is preventing him from assisting in the preparation of his defense. Instead, plaintiff simply alleges the amount of legal materials he may keep in his cell at any one time is limited. No denial of access is inherent in a reasonable restriction upon the amount of legal materials an inmate may have in his cell at one time.

Plaintiff's allegations of denial of access with regard to a civil rights complaint he wishes to file against LCF are also conclusory and insufficient to state a claim. To state a claim of denial of access to pursue a lawsuit, plaintiff must show that he suffered "arguable actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint." Lewis, 518 U.S. at 351. Plaintiff has not specifically alleged how legal materials available to him at the jail have been inadequate for this purpose. He does not describe legal materials he has been seeking, or explain why the legal claims he wishes to pursue against LCF are nonfrivolous. None of plaintiff's allegations suggest he cannot draft a pro se complaint describing unlawful acts that occurred at LCF by completing forms with instructions provided by the courts, without access to a law library.

---

[3] Plaintiff does not allege he has requested legal materials necessary to assist in preparation of his defense from his defense counsel without success.

Plaintiff has successfully appealed his criminal conviction twice. He also was able to file the instant complaint and has filed pro se motions in this action. Thus, his conclusory claims that he is precluded from, unable to, and does not have proper legal material to file pro se pleadings or a civil rights complaint are refuted by his own actions in this case. The court concludes that not only does Mr. Jones fail to allege sufficient facts to state a claim of denial of access, factual circumstances indicate he has not suffered from a denial of access.

**EXHAUSTION OF STATE COURT REMEDIES**

Finally, the court advises Mr. Jones that any complaint he may have that he is being impeded in his ability to assist in the preparation of his defense at his third state criminal trial or being denied access to that court must be presented in the first instance to the trial court before or during trial, and to the highest state court on appeal before it may be heard in federal court. 28 U.S.C. 2254.

**IT IS THEREFORE ORDERED** that plaintiff is granted twenty (20) days to show cause why this action should not be dismissed for failure to exhaust administrative remedies and for failure to state a claim of denial of access as discussed in the foregoing Memorandum and Order. If plaintiff fails to file a timely response to this order, the action may be dismissed without further notice.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Leave to Proceed in forma pauperis (Doc. 2) is granted, and plaintiff is

required to pay the remainder of the filing fee in this action of $250 in installments from his inmate account; that plaintiff's Motion for Appointment of Counsel (Doc. 3), Motion for Service of Complaint and Summons (Doc. 4), and Motion to Compel (Doc. 6) are denied, without prejudice.

The clerk is directed to send a copy of this Memorandum and Order to the finance officer at the institution where plaintiff is currently confined.

**IT IS SO ORDERED**.

Dated this 8th day of August, 2006, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge